UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Mozelle Luchie,<br><br>　　　　　　　　　　　Plaintiff<br><br>vs.<br><br>Convergent Outsourcing, Inc.,<br><br>　　　　　　　　　　　Defendant | Civil Action No.   1:18-473-JFA<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court:

## JURISDICTION

1. The Plaintiff is a resident of Aiken, State of South Carolina.

2. The Defendant Convergent Outsourcing, Inc. is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Washington.

3. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 and 1337.

4. Plaintiff would further show that the amount in controversy exceeds $75,000.00.

5. There is complete diversity of citizenship between all parties.

6. In addition to jurisdiction as stated above, this Court additionally has jurisdiction over the parties and subject matter of this action under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

7. On or before May 22, 2007, Plaintiff became unable to pay an automobile loan to Citizens One Auto Finance; the vehicle was thereafter repossessed.

8. Citizens One Auto Finance brought no action to collect the alleged deficiency following repossession and sale, and the statute of limitations for collection via court proceeding expired.

9. In or around April of 2014, the debt became obsolete for credit reporting, and could no longer be reported.

10. Upon information and belief, in or around 2017 Citizens One Auto Finance placed the above debt for collection with Defendant.

11. On or about August 15, 2017, Defendant obtained a copy of Plaintiff's Experian credit report.

12. On or about August 17, 2017 Defendant wrote Plaintiff demanding payment on the debt; while the letter disclosed that the account was past the limitations debt for collection and that the account could not be reported to a credit reporting agency, such disclosures – as well as the consumer's right to dispute the account – appeared only on the reverse side of the letter, and were overshadowed by the demand for payment in the main body of the letter.

13. On or about August 25, 2017, Defendant used an automated telephone dialing system to repeatedly dial Plaintiff's cellular phone, and continued calling her every day thereafter.

14. The volume and timing of the calls was unreasonable and harassing.

15. Never did Plaintiff consent to Defendant contacting her on her cellular phone.

16. As a direct and proximate result of the Defendant's collection efforts on a stale, uncollectible debt, Plaintiff's legitimate expectation of privacy has been invaded, and she has experienced emotional distress from getting calls on a nearly daily basis from Defendant, and the implied "time sensitive" nature of nature of Defendant's letter, which implied, falsely, that Defendant *was required* to offer a 50% reduction to her for 60 days, but thereafter could or would not offer a reduction.

**FIRST CAUSE OF ACTION**

**(Violation of Telephone Consumer Protection Act)**

17. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

18. Defendant's telephonic activities are governed by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200.

19. Never did Plaintiff consent to receiving calls from Defendant on a wireless device.

20. Further, to the extent Defendant had or believed it had Plaintiff's consent to call via means regulated by the TCPA, such consent was revoked.

21. Plaintiff is informed that Defendant thereafter continued to contact Plaintiff's cellular telephone, with an automated dialing system or otherwise.

22. Upon information and belief, Defendant placed calls using a pre-recorded message, with no permissible purpose, in violation of 47 CFR 64.1200 (2).

23. Plaintiff is informed and believes that Defendant committed the above violations multiple times, and that said violations were willful.

24. Plaintiff is informed and believes that Plaintiff may recover $500.00 per violation, plus such other damages, penalties, attorney's fees and costs as allowed by law.

25. Plaintiff is further entitled to, and requests, injunctive relief requiring Defendant to cease and desist any further calling activity, and to award a penalty in the amount of $1,500.00 per such violation, plus fees, costs, and such other relief as is just and proper.

## SECOND CAUSE OF ACTION

**(Violation of FDCPA)**

26. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent herewith.

27. Plaintiff is a consumer.

28. Defendant is a debt collector.

29. Defendant's conduct, involves an attempt to collect a "debt" the FDCPA defines it.

30. Defendant communicated with the Plaintiff at unusual times or places and/or a time or place known, or which should be known to be inconvenient to the Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

31. Defendant caused Plaintiff telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d (5).

32. Defendant placed telephone calls without meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d (6).

33. Defendant falsely represented of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

34. Defendant used false representations or deceptive means to collect or attempted to collect any debt or to obtain information concerning the Plaintiff.

35. Defendant failed to disclose in subsequent communications that the communication is from a debt collector.

36. Plaintiff should be granted judgment against Defendant for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## THIRD CAUSE OF ACTION

### (Violation of SC Code §39-5-10, et. seq.)

37. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

38. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

39. The actions of the Defendant, above-described, constitutes unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

40. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

41. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### (Violation of SC Code § 37-5-108)

42. The above allegations are repeated and realleged as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

43. The transaction or alleged transaction described above is a consumer transaction.

44. Upon information and belief, the Defendant engaged in unconscionable conduct in these particulars and such others to be proven at trial:

    a. Defendant communicated with the Plaintiff at frequent intervals.

    b. Defendant communicated at time or place otherwise known or which should be known to be inconvenient to the Plaintiff.

    c. Defendant used fraudulent, deceptive, or misleading representations, including representations about the character, amount, or legal status of the alleged debt.

45. Plaintiff should be granted judgment against Defendant for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By:  s/ Dave Maxfield
David A. Maxfield, Esq., Fed ID 6293
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

February 16, 2018